IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CITY OF UNADILLA, GEORGIA<br><br>　　　　　　Defendant. | Case No. 5:23-cv-00062 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Ohio Casualty Insurance Company shows this Honorable Court the following:

**I.   Nature of Action**

1.   This is a declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Ohio Casualty seeks a declaration as to the legal rights, and other legal relations, surrounding questions of controversy that presently exist over whether it has any obligation to the City of Unadilla, Georgia under a performance bond dated January 30, 2020.

2.   Ohio Casualty executed a performance bond for Greene Concrete Construction, Inc. in connection with a purported agreement between the City,

as owner, and Greene Concrete, as contractor, for the construction of a project entitled SR 7 @ 1 LOC, SR 230 @ 1 LOC & CS 533/Third St @ 1 LOC.

3. The City has asserted a claim against Ohio Casualty for the penal sum of the performance bond, totaling $397,753.78, following a declaration of default and termination of Greene Concrete on the Project.

## II. Parties, Jurisdiction and Venue

4. Ohio Casualty is an insurance company incorporated under the laws of the State of New Hampshire, with its principal place of business located in Massachusetts.

5. The City of Unadilla, is a municipality chartered by the State of Georgia and may be served process through personal service on its Mayor, Myron Mixon, at the Unadilla city Hall located at 563 West Railroad Street, Unadilla, GA 31091.

6. The court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: 1) Ohio Casualty is a citizen of New Hampshire and Massachusetts; 2) the City is a citizen of Georgia; and 3) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the City is located in Dooly County which is within the territory for the Macon Division of the United States District Court for the Middle District of Georgia.

### III.     Facts Relevant to This Declaratory Judgment Action

8. On July 19, 2019, the Georgia Department of Transportation gave the City of Unadilla authorization to advertise for Bids for project PI 0010601, Dooly County, SR 7 @ LOC; SR 230 @ 1 LOC & CS 533/Third Street @ 1 LOC.

9. The GDOT authorization provided that the "Contract shall not be awarded until a Construction Agreement has been executed and a written Notice to Proceed to Construction is given by the Department."

10. Following receipt of authorization from GDOT, the City advertised for bids and issued an Invitation to Bid on the Project.

11. The Invitation to Bid included within it a requirement that the bidder awarded the contract provide a performance bond for 100% of the contract amount and the payment bond to be 110% of the contract amount.

12. The Invitation to Bid, as amended, required bidders to submit bids which included three subparts, 1) a base bid for the base construction costs, 2) additive alternative 1 with a price for waste receptacles, a bike rack, a 12x12 shelter, a picnic table, and benches, and 3) additive alternative 2 with a price for 20 light fixtures to be installed.

13. On October 10, 2019, Greene Concrete submitted a bid proposal to the City of Unadilla which included a base bid of $268,503.78, a bid for alternate 1 of $24,250.00, and a bid for alternate 2 of $105,000.00.

14. On January 10, 2020, GDOT issued a Notice to Proceed to the City of Unadilla for the construction of the Project with Greene Concrete serving as contract with an award amount of $292,753.78, the total of Greene Concrete's base bid plus additive alternative 1.

15. On January 17, 2020, the City acknowledged the receipt of the notice to proceed on the base bid and alternative 1 and requested a revised authorization from GDOT to include the base bid and both alternatives for a total contract amount of $397,753.78.

16. GDOT never reissued a Notice to Proceed and never provided the City with authorization to enter into a contract in the amount of $397,753.78.

17. The meeting minutes for the January 28, 2020, City Council meeting for the City of Unadilla shows approval of an agreement by and between the City of Unadilla and Greene Concrete for streetscape improvements.

18. On January 28, 2020, the City accepted Greene Concrete's bid in the amount of $292,753.78, which was in the same amount as the Notice to Proceed issued by GDOT and without amendment for alternative 2.

19. On January 28, 2020, the City signed the contract agreement with Greene Concrete accepting Greene Concrete's proposal submitted on October 10, 2019.

20. The agreement signed by the City and Greene Concrete was for a contract amount of $292,753.78.

21. On or about January 30, 2020, Ohio Casualty and Greene Concrete executed the performance bond required of the contract agreement, with a penal sum of $292,753.78, equal to 100% of the contract amount. A copy of the performance bond is attached hereto as Exhibit A.

22. Sometime after the execution of the contract agreement, the contract amount was unilaterally modified by the City to reflect the entry of a contract between the City of Unadilla and Greene Concrete in the amount of $397,753.78. A copy of the contract agreement showing the modification to the contract amount is attached hereto as Exhibit B.

23. Greene Concrete has sworn to and verified that it never executed a contract agreement with the City of Unadilla with the contract amount of $397,753.78.

24. The City Council did not have any meeting following January 28, 2020 in which it authorized the entry of a contract with Greene Concrete in the amount of $397,753.78.

25. On March 9, 2020, after the City's modification of the contract, Atlas, a contractor for GDOT in the Office of Program Delivery, noted in an email to the City that the contract had been modified to reflect the amount of

$397,753.78 and that such contract amount differed from the bond executed in the amount of $292,753.78.

26. On March 19, 2020, Greene Concrete and Ohio Casualty executed a change rider to the performance bond increasing the penal sum to $397,753.78.

## IV. Declaratory Judgment

### Count I – To Declare the Performance Bond Void

27. Ohio Casualty incorporates by reference herein the allegations contained in paragraph 8 – 26 above as if set forth herein.

28. The contracting procedures for the City of Unadilla requires that any contract with the City be in writing, be authorized by the City Council, and that such approval is entered into the Council minutes.

29. Any purported contract with the City of Unadilla that is not authorized by the City Council, and where such authorization is not entered into the Council minutes is ultra vires and void.

30. The City Council for the City of Unadilla never authorized the entry of a contract agreement with Greene Concrete in the amount of $397,753.78.

31. The Council minutes for the City of Unadilla do not have entered in them the approval of a contract agreement with Greene Concrete in the amount of $397,753.78.

32. Greene Concrete never executed a contract agreement with the City of Unadilla in the amount of $397,753.78.

30. The performance bond executed by Ohio Casualty incorporates by reference a purported contract agreement between the City of Unadilla and Greene Concrete in the sum of $292,753.78.

31. Ohio Casualty's liability to the City is limited to the scope of Greene Concrete's liability to the City under the terms of the contract agreement.

32. Ohio Casualty is entitled to a declaratory judgment that there is no obligation to perform under the performance bond, because the purported contract agreement incorporated by reference in the performance bond is void.

WHEREFORE, Plaintiff The Ohio Casualty Insurance Company prays:

(a) That the City of Unadilla, Georgia be required to respond to the allegations set forth in this Complaint for Declaratory Judgment;

(b) That this Court declare that Ohio Casualty has no obligation to the City of Unadilla under a performance bond, or otherwise in connection with a purported agreement between the City and Greene Concrete for the construction of a project entitled SR 7 @ 1 LOC, SR 230 @ 1 LOC & CS 533/Third St @ 1 LOCC.

(c) For such other relief as this Court deems just and proper.

This 8th day of February, 2023.

>Respectfully submitted,
>
>/s/ David A. Harris
>David A. Harris
>Ga. State Bar No. 668708
>Bovis, Kyle, Burch & Medlin, LLC
>200 Ashford Center North, Suite 500
>Atlanta, Georgia  30338-2668
>Tel:  (770) 391-9100
>Fax: (770) 668-0878
>dah@boviskyle.com
>
>*Attorney for The Ohio Casualty Ins. Co.*