IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **THE OHIO CASUALTY INSURANCE COMPANY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF UNADILLA, GEORGIA,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:23-cv-00062-TES** |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**
_____

Before the Court is Plaintiff Ohio Casualty Insurance Company's Motion to Dismiss [Doc. 7] (hereinafter "Ohio Casualty"), asking the Court to dismiss certain counterclaims asserted by Defendant City of Unadilla, Georgia ("the City").[1]

## BACKGROUND

Ohio Casualty filed this action on February 8, 2023, seeking a declaratory judgment as to the "legal rights, and other legal relations, surrounding questions of controversy . . . [arising out of] a performance bond dated January 30, 2020." [Doc. 1, ¶ 1]. The underlying performance bond related to the contract between the City and Greene Concrete for a project entitled "SR 7 @ 1 LOC, SR 230 @ 1 LOC & CS

---

[1] Although permitted by the Court's Local Rules, Ohio Casualty opted not to file a reply to the City's response to its Motion to Dismiss.

533/Third St @ 1 LOC." [*Id.* at ¶ 2]. In the original bid, Greene Concrete offered a total proposal of $397,753.78, which included a base bid of $268,503.78, and two alternate bids for related projects for $24,250.00 and $105,000.00, respectively. [*Id.* at ¶¶ 12–13]; [Doc. 5, ¶ 13]. Ohio Casualty issued the original performance bond for $292,753.78, but later issued a "Change Rider," increasing the total bond amount to $397,753.78. [Doc. 5, ¶ 14].

After working on the project for some time, Greene Concrete stopped working and refused to perform further work even though the project was not yet complete. [*Id.* at ¶ 21]. Accordingly, the City notified Greene Concrete that it was in default on the underlying construction contract. [*Id.* at ¶ 22]. Following notification of Greene Concrete's default, Ohio Casualty "offered to make payment of the full amount of the bond, $397,753.78, however, to date, [Ohio Casualty] has not made any payment to [the City] or otherwise offered to rectify its insured's nonperformance." [*Id.* at ¶ 36]. After Ohio Casualty filed this declaratory judgment action, the City filed counterclaims for breach of the performance bond, declaratory judgment, various state law claims, and bad faith damages and attorney's fees. *See generally* [Doc. 5].

Ohio Casualty now argues that some of the City's counterclaims are barred. Namely, Ohio Casualty asserts that the City cannot seek attorney's fees under

O.C.G.A. §§ 10-7-30 or 33-4-6, and that the City's counterclaim for damages beyond the penal sum of the performance bond is "legally prohibited." [Doc. 7-1, pp. 1, 11]. In its Response, the City voluntarily withdrew several claims, including:

- bad faith damages and attorney's fees under O.C.G.A. § 33-4-6;
- attorney fees and litigation costs in [Doc. 5, ¶ 63] to the extent the claim is construed to seek amounts other than those authorized by O.C.G.A. § 10-7-30;
- damages in excess of the bond amount in [Doc. 5, ¶¶ 40, 47] to the extent the claim is construed to seek amounts in excess of the performance bond other than pre- and post-judgment interest; and
- liquidated damages in [Doc. 5, ¶ 64] but only to the extent the claim is construed to seek liquidated damages in excess of the performance bond amount.

[Doc. 9, p. 12]. Accordingly, the Court need only consider Ohio Casualty's arguments for the remaining claim for which it seeks dismissal—namely, bad faith damages and attorney's fees under O.C.G.A. § 10-7-30.

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint

3

"may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal

4

quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

    The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

Before suing for bad-faith damages and attorney's fees under a performance bond, Georgia law requires the suing party to provide notice of the intent to seek such damages before filing any such claim. Specifically, Georgia law provides, in pertinent part:

> (b) In the event of the refusal of a corporate surety to commence the remedy of a default covered by, to make payment to an obligee under, or otherwise to commence performance in accordance with the terms of a contract of suretyship **within 60 days after receipt** from the obligee of a **notice of default or demand for payment**, and upon a finding that such refusal was in bad faith, the surety shall be liable to pay such obligee, in addition to the loss, not more than 25 percent of the liability of the surety for the loss and all reasonable attorney's fees for the prosecution of the case against the surety[.]

O.C.G.A. § 10-7-30(b) (emphasis added). Under this statute, Ohio Casualty asserts that the City did not provide it with proper notice of the intent to sue for bad-faith damages. [Doc. 7-1, p. 9]. Further, Ohio Casualty contends that the alleged demand letters the City sent did not meet the "demand requirements for a bad faith claim as a matter of law." [*Id.* at p. 10].

In its Response, the City argues that the issues surrounding the demand letter are premature and should be decided after the discovery period. The Court agrees. Indeed, "the bar for such a demand is exceedingly low—it need not contain specific or formulaic language[.]" *First Solar Elec., LLC v. Zurich Am. Ins. Co.*, No. 5:21-CV-408 (MTT), 2022 WL 731518, at *4 (M.D. Ga. Mar. 10, 2022). However, at this stage in the litigation, and "without looking beyond the complaint, it is impossible to determine" whether the City gave Ohio Casualty sufficient notice. *Id.*

To be sure, the cases that Ohio Casualty cites to support its arguments were at different procedural postures—importantly, after the motion to dismiss stage. *See F.D.I.C. v. Safeco Ins. Co. of Am.*, No. 2:02-CV-01051-KJD, 2011 WL 4834305, at *3 (D. Nev. Oct. 12, 2011) (summary judgment); *Arrow Exterminators, Inc. v. Zurich Am. Ins. Co.*, 136 F. Supp. 2d 1340, 1344 (N.D. Ga. 2001) (same); *Ayers Enterprises, Ltd. v. Exterior Designing, Inc.*, 829 F. Supp. 1330, 1332 (N.D. Ga. 1993) (same); *BayRock Mortg. Corp. v. Chicago Title Ins. Co.*, 648 S.E.2d 433 (Ga. Ct. App. 2007) (same); *Ruby-Collins, Inc. v. Cobb Cnty.*, 515 S.E.2d 187, 188 (Ga. Ct. App. 1999) (same); *Travelers Indem. Co. v. Sasser & Co.*, 226 S.E.2d 121, 123 (Ga. Ct. App. 1976) (same); *Primerica Life Ins. Co. v. Humfleet*, 458 S.E.2d 908 (Ga. Ct. App. 1995) (same); *Britt v. Indep. Fire Ins. Co.*,

361 S.E.2d 226 (Ga. Ct. App. 1987) (same); *McDevitt & St. Co. v. K-C Air Conditioning Serv., Inc.*, 418 S.E.2d 87, 93 (Ga. Ct. App. 1992) (directed verdict); *Life Ins. Co. of Ga. v. Burke*, 132 S.E.2d 737, 742 (Ga. 1963) (motion for new trial); *Doran v. Travelers Indem. Co.*, 326 S.E.2d 221, 222 (Ga. 1985) (certified questions).

Because the Court must take the facts stated in the counterclaim as true, there is at least some indication that the City can present evidence showing it sufficiently notified Ohio Casualty of its intention to seek bad faith damages and attorney's fees via litigation. [Doc. 5, ¶¶ 71, 75]; *Locke v. SunTrust Bank*, 484 F.3d 1343, 1345 (11th Cir. 2007) ("A motion to dismiss should be granted only when the movant demonstrates beyond doubt that the [non-movant] can prove **no set of facts** in support of her claim that would entitle her to relief.") (emphasis added). The City also asserts the possibility that it made an oral demand to Ohio Casualty which could also trigger the bad-faith provision. [Doc. 9, p. 6]. Accordingly, the parties are entitled to embark on discovery to determine the extent and sufficiency of any demands the City made to Ohio Casualty. *See Top Gun Holdings, LLC v. Utica Nat'l Assurance Co.*, No. 1:21-CV-2870-MHC, 2022 WL 4596669, at *3 (N.D. Ga. June 21, 2022) (finding that a summary-judgment motion regarding the sufficiency

of a bad-faith demand was premature because discovery had not ended).

Accordingly, Ohio Casualty's Motion is premature.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Ohio Casualty's Motion to Dismiss [Doc. 7]. However, as stated in the City's Response, the following claims are **DISMISSED**:

- bad faith damages and attorney's fees under O.C.G.A. § 33-4-6;
- attorney fees and litigation costs in [Doc. 5, ¶ 63] to the extent the claim is construed to seek amounts other than those authorized by O.C.G.A. § 10-7-30;
- damages in excess of the bond amount in [Doc. 5, ¶¶ 40, 47] to the extent the claim is construed to seek amounts in excess of the performance bond other than pre- and post-judgment interest; and
- liquidated damages in [Doc. 5, ¶ 64] but only to the extent the claim is construed to seek liquidated damages in excess of the performance bond amount.

The City's bad faith damages and attorney's fees claim under O.C.G.A. § 10-7-30 may proceed for further factual development.

**SO ORDERED**, this 11th day of April, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**